# EXHIBIT "A"

Filing # 251501930 E-Filed 06/30/2026 12:19:59 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

KARINA MONTGOMERY,                          CASE NO:

      Plaintiff,

vs.

WAL-MART STORES EAST, LP and
JANE DOE, as Manager,

      Defendants.
_____/

## C O M P L A I N T

Plaintiff, KARINA MONTGOMERY, brings this action against Defendants, WAL-MART STORES EAST, LP (hereinafter "WALMART") and JANE DOE, as Manager, and alleges as follows:

### COMMON ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2. At all times material hereto, Plaintiff, KARINA MONTGOMERY, is an individual residing in Palm Beach County, Florida, and is *sui juris*.

3. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, was and is a Foreign Limited Partnership authorized to do and doing business in Palm Beach County, Florida.

4. At all times material hereto, upon information and belief, Defendant, JANE DOE, is an individual residing in Palm Beach County, Florida.

5. Venue is proper in Palm Beach County as the subject incident took place therein.

**Workman Injury Law, PLLC**
633 S Andrews Ave Ste 401• Fort Lauderdale, FL 33301
Phone: 954-361-3997 • Fax: 689-202-1065

6.      On or about August 17, 2024, Defendant, WALMART, owned, maintained and/or controlled the Walmart store located at 9990 Belvedere Road, West Palm Beach, Florida in Palm Beach County, Florida, which is hereinafter referred to as "the premises".

7.      On or about August 17, 2024, Defendant, JANE DOE, was the store manager in control of the Walmart store located at 9990 Belvedere Road, West Palm Beach, Florida in Palm Beach County, Florida, which is hereinafter referred to as "the premises".

8.      On the above date and time, Plaintiff, KARINA MONTGOMERY, was a business invitee on the Defendant's property and lawfully on the premises.

9.      At the time and place aforesaid, Plaintiff, while exercising reasonable care and caution for her own safety, was lawfully on the premises of Defendant's aforedescribed Walmart store when she slipped and fell to the ground due to the Defendant's negligent maintenance, inspection and/or failure to keep the premises in a reasonably safe condition. Specifically, upon information and belief, Plaintiff slipped and fell on crushed grapes and liquid that had accumulated on the floor in the store's cracker aisle.

## COUNT I: NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST LP

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10.     At all times material hereto, the Defendant, WAL-MART STORES EAST LP by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the subject floor in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her in her lawful use of the same.

11.     The Defendant, WAL-MART STORES EAST LP, owed the Plaintiff a duty to

warn her of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall incident.

12. The Defendant, WAL-MART STORES EAST LP, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or commission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

a. The Defendant failed to properly maintain in a reasonably safe condition and failed to properly examine the subject floor to make sure they were safe and free from substances, transitory foreign objects and/or other debris;

b. Had Defendant exercised reasonable care in the maintenance of the store's floor, it would have discovered the dangerous condition on its floor;

c. The Defendant failed to utilize reasonable care in the design, planning, inspection, and maintenance is said premises, particularly the floors at the subject location;

d. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct and proximate result of the Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, KARINA MONTGOMERY, are permanent within a reasonable degree of medical probability, and continuing

in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, KARINA MONTGOMERY, demands judgment against Defendant, WAL-MART STORES EAST LP, for damages, costs, and any other relief this Court may deem appropriate. *The Plaintiff further demands a trial by jury as to all issues so triable by right.*

### COUNT II: NEGLIGENCE AGAINST JANE DOE

Plaintiff re-adopts and re-alleges each and every allegation contained in Paragraph 1 through 9 as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, JANE DOE, the manager of the Defendant's Walmart store, identified in Paragraph 6, was in control of and responsible for the subject area of the premises.

16. The Defendant JANE DOE, owed to the Plaintiff a duty of reasonable care to maintain the subject area of the store in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the same.

17. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

18. The aforesaid duties to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from foreign objects on the floor that might foreseeably give rise to loss, injury or damage.

19. Further, being in control of the aforedescribed subject area of aforesaid store, Defendant, JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises,

to exercise reasonable care to maintain the aforesaid premises in such manner as to avoid injury or damages to business invitees, such as Plaintiff, KARINA MONTGOMERY, as a result of foreign objects on the floor of said store.

20.    Defendant store manager, JANE DOE, was actively negligent in that she negligently failed to exercise reasonable care relating to the subject area of the store while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

21.    Among the duties of Defendant, JANE DOE, as being the person in control of the subject area in or around the store, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove hazardous conditions, such as foreign objects on the floor of said premises, and to replace or remove such hazardous conditions prior to business invitees being injured.

22.    Notwithstanding that there were located in and around said store overheard cameras to maintain constant or periodic view of said store, including the area in or around the subject aisle in the store, some or all of said cameras were without necessary film or were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended, which was one of the responsibilities of Defendant, JANE DOE, during the period that she was in control of said store, and which duty she failed to perform.

23.    Had such duty as aforestated been performed, the dangerous condition which caused Plaintiff, KARINA MONTGOMERY, to slip and injury herself would have been observed intime to have been corrected.

**Workman Injury Law, PLLC**
633 S Andrews Ave Ste 401• Fort Lauderdale, FL 33301
Phone: 954-361-3997 • Fax: 689-202-1065

24.     Further, although Defendant, WAL-MART STORES EAST LP, furnished to Defendant, JANE DOE, a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions in and around said store, such as the condition which caused Plaintiff, KARINA MONTGOMERY, to slip and injure herself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant, JANE DOE, at the time of the subject accident. Defendant, JANE DOE, being then in control of said premises, failed to perform such duty in that she failed to inspect and discover, the dangerous condition which caused Plaintiff, KARINA MONTGOMERY, to slip and injure herself.

25.     But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, the Plaintiff would not have injured herself, as aforesaid.

26.     As a direct and proximate result of Defendant JANE DOE's negligence, the Plaintiff, KARINA MONTGOMERY, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, KARINA MONTGOMERY, demands judgment against Defendant, JANE DOE for damages, costs, and any other relief this Court may deem appropriate. *Trial By Jury is demanded of all issues so triable by right*

In Compliance with Rule 2.516 all pleadings in this cause shall be served on the undersigned by E-mail to devon@workmaninjurylaw.com and pleadings@workmaninjurylaw.com.

DATED this 30th day of June, 2026.

Workman Injury Law, PLLC
Attorney for Plaintiff
633 S Andrews Ave Ste 401
Fort Lauderdale, FL 33301
Tel: (954) 361-3997 / Fax: (689) 202-1065
E-Mail:  devon@workmaninjurylaw.com
            pleadings@workmaninjurylaw.com

By:     /s/ Devon Workman
        DEVON WORKMAN, ESQ.
        FBN 1004245
By:     /s/ Kristin Miller Grant
        KRISTIN MILLER GRANT, ESQ.
        FBN 70002